IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHAREEN GRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-cv-224-MHT-JTA |
| | ) (WO) |
| TOM REED, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the court is the motion to expand jurisdiction and enjoin related state court action filed by *pro se* Plaintiff Shareen Grice. (Doc. No. 8.) Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned for all pretrial proceedings and entry of any orders or recommendations. (Doc. No. 9.)

Upon review of the motion, it is due to be denied. In addition, Plaintiff will be ordered to file an amended complaint that complies with this Order.

I.   **DISCUSSION**

A. Motion to Expand Jurisdiction

Plaintiff asks the court to "expand jurisdiction to include the related and concealed state custody/contempt cases" currently pending in Elmore County Court. (Doc. No. 8 at 3.) Construing her filing liberally, it appears Plaintiff is seeking removal of the cases to federal court. Plaintiff has already unsuccessfully attempted to remove these cases to federal court in a separate removal action in this District. *See Tanna v. Tanna*, No. 2:25-cv-

280-RAH-JTA, 2025 WL 1461272, at * 4 (M.D. Ala. May 21, 2025) (remanding Plaintiff's case back to state court because the court lacked subject matter jurisdiction over domestic relations cases and the relevant removal statutes do not allow a plaintiff to remove a case to federal court).[1] As previously explained to Plaintiff, "'[f]ederal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification.'" *Id.* (quoting *Ingram v. Hayes*, F.2d 368, 369 (11th Cir. 1988) (per curiam)). Accordingly, Plaintiff's motion to expand jurisdiction is due to be denied.

Plaintiff also asks the court to enjoin the Elmore County Court from taking further action in various state custody and contempt proceedings involving Plaintiff. (Doc. No. 8 at 3.) Pursuant to the Anti-Injunction Act, the motion is due to be denied.

The Anti-Injunction Act "prohibits a federal court from 'grant[ing] an injunction to stay proceedings in a State court[.]'" *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 675 (11th Cir. 2012) (quoting 28 U.S.C. § 2283). The Anti-Injunction Act is "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of the three specifically defined exceptions." *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286 (1970). A court may enjoin a state court proceeding (1) if the injunction is "expressly authorized by an Act of Congress," (2) "where necessary in aid of [the court's] jurisdiction," or (3) "to protect or effectuate [the court's] judgments." *Upper Chattahoochee*, 701 F.3d at 675

---

[1] Although docketed with Plaintiff's married last name, the complaint indicates the plaintiff is "Shareen Grice/Tanna." *Tanna*, No. 2:25-cv-280-RAH-JTA, Doc. No. 1.

(citing 28 U.S.C. § 2283). These exceptions are "'narrow and are not to be enlarged by loose statutory construction.'" *Id*. at 676 (quoting *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011)).

Here, there is no applicable Act of Congress which authorizes such an injunction. Moreover, the court has not entered any judgments in this case. Finally, the "necessary in aid of its jurisdiction" exception does not apply. This exception applies in only two narrow situations: (1) where "the district court has exclusive jurisdiction over the action because it [has] been removed from state court" or (2) when the state court attempts to exercise jurisdiction over a piece of property that the district court has been exercising jurisdiction over in an *in rem* action. *Upper Chattahoochee*, 701 F.3d at 676 (citing *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1251 (11th Cir. 2006)). The state court proceedings here have not been removed to federal court. There is no property in dispute nor is this case an *in rem* action. Thus, none of the exceptions to the Anti-Injunction Act apply and Plaintiff's motion to enjoin the state court proceedings is due to be denied.

B. 1915(e) Review

Because Plaintiff is proceeding *in forma pauperis*, the court must review Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) – (iii). Upon review, the court finds the complaint (Doc. No. 1) contains numerous deficiencies that must be remedied before this case can proceed.

First, Plaintiff's complaint fails to satisfy the Federal Rules of Civil Procedure. Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

In its current state, Plaintiff's complaint fails to satisfy Rule 8(a)(2). Plaintiff states the various Defendants violated "Plaintiff's rights under 42 U.S.C. § 1983[,]" and alleges Defendants violated her First, Fourth, and Fourteenth Amendment rights. (Doc. No. 1 at 2.) Plaintiff alleges various facts throughout her complaint, but they are not linked specifically to the First, Fourth, or Fourteenth Amendment. This makes it difficult to discern what civil rights Plaintiff believes have been violated, how they were violated, and by whom.[2] Further, the complaint is "replete with conclusory, vague, and immaterial facts

---

[2] Plaintiff named six Defendants but appears to allege claims against more than the six named Defendants. (Doc. No. 1 at 3–5.) For example, Plaintiff alleges claims against Judge Sibley Reynolds, the Millbrook Police Department, and Governor Kay Ivey, but they are not named defendants in this case. (*Id*. at 6.)

4

not obviously connected to any particular cause of action," which "fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015).[3] Thus, as written, the complaint is an impermissible shotgun pleading[4] that fails to state a viable legal claim. *See id.*

To the extent Plaintiff seeks to state a claim under § 1983, Plaintiff must demonstrate (1) a violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of

---

[3] For example, Plaintiff states Defendant Reed and Youngblood engaged in "selective enforcement by withholding legal protections." (Doc. No. 1 at 5.) Plaintiff does not specify what legal protections were withheld or how those Defendants engaged in selective enforcement.

[4] The Eleventh Circuit has defined shotgun pleadings as follows:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot— is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of **being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.** The third type of shotgun pleading is one that commits the sin of **not separating into a different count each cause of action or claim for relief.** Fourth, and finally, there is the relatively rare sin of **asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.** The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland*, 792 F.3d at 1323 (footnotes omitted) (emphasis added).

state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To do this, Plaintiff must clearly articulate what right has been violated, how that right has been violated, and by whom. To the extent practicable, and for further clarity, Plaintiff should also state when and where the alleged violation occurred. Absent allegations sufficient to satisfy both the Federal Rules and the § 1983 standard set forth above, the Court will be required to dismiss this action.

Second, many of the allegations in Plaintiff's complaint appear related to a past child custody dispute and divorce proceedings.[5] Under the *Rooker-Feldman* doctrine,[6] federal district courts do not have subject matter jurisdiction over matters related to state court litigation, including child custody disputes. *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). This means federal district courts "have no authority to review the final judgments of state courts." *Id.* (quoting *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc)). The doctrine extends to claims that do not seek direct review of a state court judgment, but are inextricably intertwined with a state court judgment. *Id.* "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id.* Put simply, if the federal claim calls into doubt the state court decision, it is

---

[5] For example, Plaintiff claims various state court officials "[i]ssued unjust rulings . . . in divorce and custody matters[,]" and placed her children "with non-relative guardians without due process." (Doc. No. 1 at 5.)

[6] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983).

barred by the *Rooker-Feldman* doctrine.[7] *Id*. at 1334. Thus, the court may be required to dismiss any claims which call into question any state court judgments involving child custody disputes or divorce proceedings.

## II. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiff's Motion to Expand Jurisdiction (Doc. No. 8) is DENIED.

2. **On or before June 24, 2025**, Plaintiff must file an amended complaint that complies with the following requirements:

    a. Contain a section that clearly identifies all Defendants in this suit.

    b. Contain a section of facts that sets out a short, plain statement of the factual allegations. The facts should not contain legal conclusions or legal arguments. The factual section should **specifically describe** how each Defendant acted or failed to act.

    c. Contain a cause of action section that sets out each claim in separately numbered counts. Each claim should state **what constitutional right has been violated, how that right has been violated, and by whom.** The complaint should also state **when and where** the alleged violations occurred.

---

[7] The "doctrine does not apply if the plaintiff had 'no reasonable opportunity to raise his federal claim in state proceedings.'" *Goodman*, 259 F.3d at 1332 (quoting *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996)).

**Plaintiff is advised that failure to timely file an amended complaint in compliance with the requirements of this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the court's orders. Such dismissal may be with or without prejudice. Plaintiff is further advised that her amended complaint will supersede her initial complaint and will be subject to 28 U.S.C. § 1915(e)(2)(B) review.**

DONE this 10th day of June, 2025.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE