IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHAREEN GRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-224-MHT-JTA |
| | ) | |
| TOM REED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 10, 2025, the court ordered *pro se* Plaintiff Shareen Grice to file an amended complaint on or before June 24, 2025. (Doc. No. 13.) Plaintiff has failed to comply with that Order. (*See* Doc. No. 14.)

For the reasons stated below, the undersigned recommends this action be dismissed without prejudice for failures to prosecute and comply with court orders.[1]

### I.    JURISDICTION

The court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[2]

### II.    STANDARD OF REVIEW

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla.*

---

[1] Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters. (Doc. No. 9.)

[2] It appears Plaintiff attempts to bring claims under 42 U.S.C. § 1983 for violations of her First, Fourth, and Fourteenth Amendment rights. (Doc. No. 1 at 2.)

*Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Consistent with this authority, and pursuant to Rule 41(b)[3] of the Federal Rules of Civil Procedure, "the court may dismiss a plaintiff's action *sua sponte* for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or a court order." *Centurion Sys., LLC v. Bank of New York Melon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448071, at *1 (M.D. Fla. Aug. 12, 2021) (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)), *report and recommendation adopted sub nom. Centurion Sys., LLC v. Bank of New York Mellon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448080 (M.D. Fla. Aug. 27, 2021). "Included within this inherent power is the authority to 'impose formal sanctions upon dilatory litigants.'" *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 989 (11th Cir. 2015) (quoting *Mingo v. Sugar Cane Growers Co–op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)). "'The power to invoke this sanction [of dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourt.'" *Equity Lifestyle*, 556 F.3d at 1240 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967));[4] *see also* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and

---

[3] Though Rule 41(b) refers specifically to dismissal on a defendant's motion, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with a court order." *Rodriguez v. Lawson*, 848 F. App'x 412, 413 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).

[4] *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

inexpensive determination of every action and proceeding."); *Chambers*, 501 U.S. at 43 (holding federal courts are vested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion." *Equity Lifestyle*, 556 F.3d at 1240 n.14 (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quoting *Jones*, 709 F.2d at 1458). Further, if a court finds a clear record of delay or contumacious conduct by the plaintiff, dismissal for failure to comply with court orders may be a dismissal with prejudice. *See McKinley v. F.D.I.C.*, 645 F. App'x 910, 911 n.3 (11th Cir. 2016) (citing *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). Dismissal with prejudice "is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *McKelvey*, 789 F.2d at 1520.

## III. DISCUSSION

On March 21, 2025, Plaintiff filed her complaint against Defendants alleging violations of her First, Fourth, and Fourteenth Amendment rights. (Doc. No. 1 at 2.) Many of the allegations in Plaintiff's complaint appear related to a past child custody dispute and

divorce proceedings.[5] Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 2.) On May 1, 2025, the court granted Plaintiff's motion and advised Plaintiff that "***even a pro se litigant must comply with all applicable deadlines, this court's orders, the court's local rules, and the Federal Rules of Civil Procedure, just as any other litigant must do, or face sanctions, which could include monetary sanctions or dismissal of this case with or without prejudice.***" (Doc. No. 10 (emphasis in original).) The court also warned Plaintiff that "[***f***]***ailure to timely file written notice of change of mailing address may result in dismissal of this case for failure to prosecute and failure to comply with court orders***." (*Id*. (emphasis in original).)

Because Plaintiff is proceeding *in forma pauperis*, the court conducted a review of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). (*See* Doc. No. 13.) The court concluded Plaintiff's complaint failed to satisfy Federal Rule of Civil Procedure 8(a)(2) and the 42 U.S.C. § 1983 pleading standard. (*Id*.) Thus, the court ordered Plaintiff to file an amended complaint on or before June 24, 2025. (*Id*.) The court again warned Plaintiff that "**failure to timely file an amended complaint in compliance with the requirements of this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the court's orders. Such dismissal may be with or without prejudice.**" (*Id*. (emphasis in original).)

---

[5] For example, Plaintiff claims various state court officials "[i]ssued unjust rulings . . . in divorce and custody matters[,]" and placed her children "with non-relative guardians without due process." (Doc. No. 1 at 5.)

On August 1, 2025, the court ordered Plaintiff to show cause on or before August 15, 2025, why she failed to file an amended complaint. (Doc. No. 14.) On September 15, 2025, the court's August 1, 2025 Order was returned as undeliverable with the notation "unclaimed, unable to forward." (Doc. No. 15.) To date, Plaintiff has not filed an amended complaint nor updated her address with the court.

This action is due to be dismissed without prejudice because Plaintiff failed to comply with court orders and failed to prosecute the case. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).[6] The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." (*Id.*) It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (*Id.* at 630–31.)

This is Plaintiff's case. It cannot proceed without Plaintiff's compliance with court orders and Plaintiff's updated address. In this instance, where Plaintiff has failed to comply despite the court's clear admonition, the undersigned finds a clear record of delay and that

---

[6] Plaintiff was repeatedly warned if she failed to comply with court orders, this case would be dismissed. (*See* Docs. No. 10, 13.)

sanctions lesser than dismissal would not suffice.[7] *See Mingo*, 864 F.2d at 102; *Goforth*, 766 F.2d at 1535.

## IV.    CONCLUSION

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that, on or before **October 2, 2025,** the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

[7] In addition, dismissal without prejudice is likely less drastic than a money sanction because Plaintiff is proceeding *in forma pauperis*.

DONE this 18th day of September, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE